# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **471-2021-03815** |

| **MICHIGAN DEPARTMENT OF CIVIL RIGHTS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. CRYSTAL PERRY** | ▇ | ▇ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▇ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **MICHIGAN STATE UNIVERSITY - OFFICE OF THE GENERAL COUNSEL** | **501+** | **(517) 353-3530** |

| Street Address | City, State and ZIP Code |
|---|---|
| **426 AUDITORIUM RD  ROOM 494, EAST LANSING, MI 48824** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☒ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-21-2021**    Latest **12-30-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Crystal Perry on 01-10-2022 04:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **471-2021-03815** |

| **MICHIGAN DEPARTMENT OF CIVIL RIGHTS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**Since July 12, 2021, I have been employed by the above respondent as the Human Resource Manager.  I am the only African American Female supervisor.**

**On my first day on the job I was approached by a white female Captain of Police Services who stated that she and other employees were upset that her duties in the HR Department were turned over to me, but they were going to comply with the directive, also that I would be having hard times. 90% of administrative employee's work remotely, I was advised that I should not be allowed to work remotely, because of the appearance that it was sending.  No one else was advised of this change or this appearance.  I provided medical documentation regarding my compromised medical health upon hire. Others similarly situated and not of my race were not required to provide documentation and were allowed to work remotely.**

**On September 29, 2021 the Deputy Directory of Operations and the Police Captain both Caucasian stated that 'I was Angry and Mean' and filed a complaint.  In October of 2021, I was given a verbal counseling by my supervisor because of a false statement made by my coworkers alleging that I made the statement 'What have you done to go out of your way to provide diversity in the work place' I responded to the investigation that this employee was untruthful and I never asked any one this question, what I did say was you should not have to go out of your way to provide diversity.**

**On November 8, 2021 the Lieutenant of Police Services, verball attacked, cornered and threatened me,  stating we need a meeting yelling and slammed her hand on the wall.  This employee had a side arm (gun) displaying threatening behavior. On this same date I was provided documentation that Respondent would be doing an additional background investigation on me, which is not the policy or procedures.  No one else has been subjected to these same terms and conditions of employment.  This Lieutenant of Police Services treats me differently, other Caucasians are  not treated in this same manner of yelling, ranting and raving, everyone hates you, you are a liar, raging in a threatening manner. The supervisor asked her to calm down, then she lunged at me.  I was unsure if she would shoot me or hit me.  On November 17, 2021 I tried to make an internal complaint and was denied.  On December of 2021, I lodged a formal complaint with the MSU EEO Dept.**

**I believe that I have been subjected to different terms and conditions of employment, harassment, a hostile working environment, threats of violence and intimidation on the basis of my Race African American, Sex Female Gender and in retaliation for complaining of discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Crystal Perry on 01-10-2022 04:27 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 18, 2022

Ms. Crystal Perry
c/o Elizabeth Abdnour, Esquire
Elizabeth Abdnour Law
1100 W. Saginaw Street
Suite 4A-2
Lansing, MI  48915

Re:  EEOC Charge Against Michigan State University, Office of the General Counsel
    No. 471202103815

Dear Ms. Perry:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Detroit District Office, Detroit, MI.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                Sincerely,

                Kristen Clarke
              Assistant Attorney General
              Civil Rights Division

        by    /s/ Karen L. Ferguson
              Karen L. Ferguson
          Supervisory Civil Rights Analyst
          Employment Litigation Section

cc: Detroit District Office, EEOC
  Michigan State University, Office of the General Counsel

EXHIBIT C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | EEOC  FEPA | 471-2022-04194 |

| | and EEOC |
|---|---|
| **Michigan Department Of Civil Rights** | |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Crystal Perry | ▮ | ▮ |

| Street Address |
|---|
| ▮ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No Employees, Members | Phone No |
|---|---|---|
| Michigan State University | 501+ Employees | |

| Street Address |
|---|
| 1120 Red Cedar Road |
| EAST LANSING, MI 48823 |

| Name | No Employees, Members | Phone No |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Retaliation | 04/25/2022 | 06/08/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for the above name employer on or about July 12, 2021, as a HR Administrative Supervisor.  I was last employed as a HR Coordinator.  On or about January 10, 2022, I filed an EEOC Charge of Discrimination 471-2021-03815.  After filing my charge, I experienced continued harassment from my Supervisor and other Upper Management.  On or about April 25, 2022, I was harassed further during a meeting.  On or about May 26, 2022, my staff was taken away, my duties were reduced, and my title was changed.  On about June 8, 2022, I was moved from my office.  I was later called into my Supervisors office and terminated.I believe I was discriminated against, subjected to retaliation, and discharged for participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ms. Crystal Perry**  **09/26/2022** | SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE  *(month, day, year)* |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.  AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT D



ELIZABETH ABDNOUR LAW

1100 W. Saginaw St.
Suite 4A-2
Lansing, MI 48915
517.292.0067 | abdnour.com

MICHIGAN STATE UNIVERSITY
RECEIVED

DEC 16 2022

OFFICE OF THE
GENERAL COUNSEL

December 13, 2022

Court of Claims
Hall of Justice
925 W. Ottawa St.
PO Box 30185
Lansing, MI 48909
ATTN: Clerk's Office

> **RE:**   **Notice of Intent to File Claim**

Dear Clerk:

This is our notice of intent to file a claim against Michigan State University, Michigan State University Board of Trustees, and several individual employees identified below.

<u>Claimant</u>

Crystal Perry is a former MSU Police Department employee who was discriminated against based on her race and sex, retaliated against for reporting the discrimination, and wrongfully terminated.

<u>Potential Adverse Parties</u>

 Michigan State University
 Michigan State University Board of Trustees
 Samuel Stanley, Jr.
 John Prush
 Chris Rozman
 Doug Monette
 David Oslund
 Andrea Munford
 Kennedy Parker
 Daryl Green
 Jessica Martin
 Marlon Lynch

<u>Potential Claims</u>

Sex discrimination and retaliation in violation of Title IX of the Educational Amendment Act of 1972, 20 U.S.C. §1681, *et seq.*, against MSU and MSU Board of Trustees;

Race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, against MSU and MSU Board of Trustees;

Equal Protection and Substantive and Procedural Due Process Clause violations, U.S. Const., Amendment XIV, 42 U.S.C. §1983, against all individual defendants;
\
Race and sex discrimination and retaliation in violation of the Elliott-Larsen Civil Rights Act, MCL §37.2301, *et seq.*, against all defendants;

Breach of contract against MSU, MSU Board of Trustees, and individual defendants Stanley, Lynch, and Green; and

Violations of the Michigan Constitution against all defendants.

Factual Basis for Claims

On June 1, 2021 Crystal Perry was offered a job at Michigan State University's Police Department as a Human Resources Administrator II/Supervisor 13. She began her job on July 12, 2021 and her start date was contingent upon a successful background check. Ms. Perry was discriminated against from the first day. Ms. Perry was shown to a closet by Doug Monette that would be her office. There was no office set up and no equipment. She had to clean her own office, order her own supplies, and work from her personal computer and her personal cell phone. Ms. Perry was told by John Prush that he was not going to set up her computer and that he would not be ordering her any equipment. It took weeks of requests for John Prush to come to Ms. Perry's office, but not to help her, only to express his unhappiness for the continued requests. This was only the beginning of the discrimination and retaliation Ms. Perry would suffer while employed with the MSU Police Department. After this, she began documenting the way she was being treated in her place of employment.

On or around August 16, 2021, Kennedy Parker told Crystal Perry that employees in the office were upset that Ms. Perry now had some of their previous duties and responsibilities. Kennedy Parker stated that she personally was upset with Ms. Perry because her duties in the recruitment and hiring process were handed over to Ms. Perry. As a form of intimidation, Kennedy Parker told Ms. Perry to watch her back. This interaction led Ms. Perry to filing an OIE complaint against Kennedy Parker. After filing this complaint, Kennedy Parker retaliated against Ms. Perry by consistently threatening her job by stating that she was a probationary employee, and that leadership should get rid of her. Ms. Perry reported this behavior to Daryl Green on at least two occasions, and he did nothing.

In late August 2021, after Ms. Perry filed an OIE complaint, other employees in the department stated they were going to file a reverse discrimination complaint because they were upset that Ms. Perry was hired as the Human Resources Manager. The other employees alleged that Ms. Perry was only hired based upon her being friends with Chief Lynch, instead of upon her merits. She reported his to Lynch and to Green, nothing was done

and the discrimination continued. On or around September 12, 2021, John Prush told Ms. Perry that he would not set up equipment for new employees, which was part of his job as IT Specialist.

On September 29, 2021, there was a meeting where numerous employees made comments about Ms. Perry on a personal and professional level to undermine her authority. The complaints were baseless but plentiful. John Prush complained about Ms. Perry halting a hiring process he was leading, a process she halted because there were no people of color and diversity on the interviewing panel. Chris Rozman complained about Ms. Perry when she inquired about diversity in the recruiting process for his Communications Manager position. Dave Osland accused Ms. Perry of not following the chain of command for having a Human Resources Diversity Wellness Clinic. These complaints would only grow among her colleagues and worsen as it began to affect her assigned job duties.

On November 8, 2021, Ms. Perry was physically threatened and verbally assaulted by Jessica Martin. This interaction left Ms. Perry feeling incredibly scared and in fear for her physical safety at her job. Following this attack, on November 11, 2021, the same employee went to Ms. Perry's subordinate to handle a hiring procedure instead of Ms. Perry herself.

On or around November 29, 2021, Ms. Perry met with Chief Daryl Green. At this meeting he asked her to sign an additional document. This document was an Authorization for Release of Personal Information form. Ms. Perry was not told why this was necessary, but she signed the document to avoid more conflict and potentially losing her job. She had already undergone a background check to be hired.

In January 2022, Ms. Perry filed an EEOC charge against MSU. This complaint detailed a few of the many instances of discrimination and retaliation she had begun to face. MSU filed a response to Ms. Perry's complaint in March 2022 and claimed that she had never received any kind of disciplinary action or reduction in pay or benefits. They also claimed that Ms. Perry never experienced any material job change of any kind. They failed to acknowledge the very apparent acts of abuse, discrimination, and retaliation she was facing in her place of employment.

Soon after this response, Ms. Perry filed another EEOC charge against MSU. This complaint even further highlighted the discrimination and retaliation she was experiencing, specifically the discrimination Ms. Perry faced at the hands of Kennedy Parker. Kennedy Parker threatened disciplinary actions against Ms. Perry on numerous occasions and she claimed that Ms. Perry was merely a probationary employee. Kennedy Parker retaliated against Ms. Perry by telling Ms. Perry that she was not allowed to make any complaints about her rights being violated or mistreatment she suffered unless she asked for written permission. Kennedy Parker manipulated the policy of Personal Background Investigations and had Ms. Perry sign away her rights for an ongoing investigation against Ms. Perry. Kennedy Parker made it known that if Ms. Perry did not sign this document, her employment would be terminated. Due to Kennedy Parker's harassment and retaliation against Ms. Perry, Chief Green began to micromanage all of Ms. Perry's job duties, including reading, reviewing, and approving all emails before they were sent out.

Court of Claims
December 13, 2022
Page 4 of 5

Starting around April 2022, Ms. Perry began to face additional retaliation in the form of her job duties being significantly reduced. Ms. Perry's staff that had always reported to her was taken away and given the excuse that they were completing special projects for Daryl Green. Additionally, Ms. Perry's office was taken away and she was placed in a shared cubicle space with student employees, while her office was given to a white male employee. On July 8, 2022, Daryl Green terminated Ms. Perry's employment as retaliation for the complaints against him and others with both the EEOC and MSU's Office of Institutional Equity.

Ms. Perry has faced continuing retaliation even after her termination from MSU. Ms. Perry was denied an interview for a Human Resource Position at the MSU College of Nursing. Ms. Perry applied for the role of Human Resources Administrator at the College of Nursing and on July 11, 2022, she was offered an interview with the search committee for that role. Ms. Perry happily accepted the interview offer on July 11, 2022. On July 12, 2022, Christie Provost-Perkins confirmed Ms. Perry's interview. On July 13, 2022, Andy Gregor emailed Ms. Perry revoking her interview offer. Andy Gregor stated that he was notified by MSU HR that Ms. Perry's application cannot be considered at this time and that he would be canceling her interview scheduled for July 21, 2022.

Ms. Perry has experienced repeated acts of discrimination because of her race and sex, as similarly situated white and/or male employees are not subjected to the same treatment. Her reporting of this discrimination has led to retaliation for raising concerns about discrimination and harassment based on race and sex in the workplace.

As a result of the potential adverse parties' acts and omissions against her, Ms. Perry suffered numerous injuries including but not limited to, severe stress and emotional distress, humiliation, embarrassment, loss of income and benefits. Claimant seeks all available legal and equitable relief available to her, including but not limited to compensatory damages, punitive damages, and attorney fees and costs.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

Crystal Perry

Subscribed and sworn to before me on December 13, 2022. Commissioned in Ingham County, Michigan, acting in Ingham County. Commission expires 9/28/25.

NOTARY PUBLIC

Court of Claims
December 13, 2022
Page 5 of 5

Respectfully submitted,
ELIZABETH ABDNOUR LAW, PLLC

Elizabeth K. Abdnour, Esq.

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PERRY,

                Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES; MARLON LYNCH, and DARYL
GREEN, in their official and individual capacities,

                Defendants.

Case No. 1:23-cv-00202

Hon. Robert J. Jonker
Mag. Phillip J. Green

---

## AFFIDAVIT OF DARYL GREEN

1.      I am an adult and otherwise competent to testify to the facts stated below.  If called as a witness, I can testify to the following facts from my personal knowledge.

2.      I have reviewed Plaintiff's Complaint and am aware of the allegations made therein.

3.      At all times relevant to Plaintiff's Complaint, I was the Michigan State University Police Department Chief of Staff and Plaintiff's direct supervisor.

4.      Plaintiff was hired as a Human Resources Administrator II/S on July 12, 2021.

5.      In March 2022, I conducted an interim review of Plaintiff's job performance during her probationary period, which is attached to the Complaint as Exhibit 7.  Of note, I indicated that Plaintiff had made an error in the performance of her job duties, resulting in a formal complaint, and was coached accordingly.  (Complaint Exhibit 7.)   I also indicated that Plaintiff needed to behave professionally and cordially with colleagues because Plaintiff was exhibiting behavioral issues with colleagues and stepping outside her lane professionally.  (*Id.*) And as a result of Plaintiff sending out an incorrect email regarding COVID-19 procedure, I

indicated that she should "regularly network with Central HR regarding HR matters where she or her staff have questions or concerns regarding University policy." (*Id.*)  Plaintiff was on the cusp of failing to meet expectations at that time, but I decided to give her the benefit of the doubt and give her an opportunity to improve.  I erred on the side of meets expectations, so, I indicated that Plaintiff's job performance met expectations during the interim evaluation, and that the evaluation would continue.  (*Id.*)  Of note, I was aware of Plaintiff's OIE case against Martin before this interim review and that Plaintiff had, in my opinion (because I was present for the confrontation at issue), provided false information regarding Martin.  However, I did not make the negative comments I made on Plaintiff's interim review because of Plaintiff's OIE and/or EEOC complaints.[1]  I made those comments because they were true and as Plaintiff's supervisor it was my duty to truthfully evaluate Plaintiff's performance, as well as to give her the opportunity to recognize her mistakes and improve.

6.      Plaintiff was never demoted.  During her employment at issue, Plaintiff was a Human Resources Administrator II/S and her pay was never decreased.  (Exhibit A, HR Termination Form; Exhibit B, HR Overview Basic Pay & Labor Distribution Form.)  I did have Plaintiff's only direct report, Katherine Parmalee, report directly to me rather than Plaintiff after Parmalee reported to me that she had a poor working relationship with Plaintiff that was causing her significant stress.  I did not have Parmalee report to me because of Plaintiff's OIE and/or EEOC complaints as alleged in Plaintiff's complaint, but rather for Parmalee's well-being.

7.      As Plaintiff's direct supervisor, and because of prior performance issues (Plaintiff mistakenly included information about another employee's medical status in an email

---

[1] I also did not take any adverse employment actions against Plaintiff as a result of her MDCR complaint or complaint to Tom Fritz, as seems to be alleged in the Complaint. For any action I deny taking because of Plaintiff's OIE and/or EEOC complaints, the same applies for Plaintiff's MDCR complaint and complaint to Tom Fritz.

2

(Complaint Exhibit 7) and Plaintiff sent out an incorrect email regarding COVID-19 procedure), I requested to review certain emails before Plaintiff sent them out.  I never read, reviewed, and approved of all of Plaintiff's emails before Plaintiff sent them out, as alleged in her Complaint.  I never read, reviewed, and approved Plaintiff's emails as a result of her OIE and/or EEOC complaints.

8.      In approximately May 2022, Plaintiff and Parmalee were moved to the same office area (a hoteling space for telecommuters) when MSU PD hired several new employees who needed to work in the office regularly, while Plaintiff and Parmalee were working primarily remotely.  I did not move Plaintiff's office location because of her OIE and/or EEOC complaints.

9.      Contrary to Plaintiff's allegations, I did not avoid her.  I did not purposefully avoid her calls.  I may not have been able to answer all of her calls immediately, but I cannot recall ever failing to call Plaintiff back.  Similarly, I did not purposefully fail to respond to Plaintiff's emails.  I may not have been able to respond right away, but I cannot recall ever failing to email Plaintiff back.  I certainly never failed to respond to Plaintiff's phone calls or emails because of her OIE and/or EEOC complaints.

10.     Contrary to Plaintiff's allegations, I did not challenge her role in the hiring process by rushing her or requesting she interview candidates who did not pass the screening process.  The first candidate Plaintiff makes allegations regarding dropped out of the hiring process, so I asked Plaintiff to contact her since recruiting was part of her job, there were a small number of applicants for the position, MSU PD faced recruiting difficulties, there was a small timeframe required to hire and train for the position, and because I knew the person was a viable candidate.  I ended up asking McGlothian-Taylor to contact the candidate for multiple reasons, including because she had experience in the department as a recruiter and because the candidate

3

had requested to be taken on a ride along and McGlothian-Taylor worked on-site, not because of Plaintiff's EEOC and/or OIE complaints. For the second candidate Plaintiff makes allegations regarding, the union decided whether to remove the candidate's discipline or allow the candidate to interview. I did not pressure Plaintiff to interview the candidate or advance the candidate in the hiring process. My involvement in the hiring process for this candidate, as well as every other candidate, had nothing to do with Plaintiff's OIE and/or EEOC complaints.

11. Plaintiff did not take advantage of the opportunity I gave her to improve. Plaintiff was terminated on July 8, 2022, the last day of her probationary period. (Complaint Exhibit 8.) During the short course of Plaintiff's employment at issue, including increasingly after her interim review, she was involved in numerous professional incidents/performance issues[2] and was involved in numerous complaints concerning various interactions with a number of department employees at all levels.[3] (*Id.*) I counseled Plaintiff but she refused to change and refused to accept responsibility for her conduct (which is why I described her as argumentative). (*Id.*) The foregoing made managing Plaintiff nearly impossible. (*Id.*) Thus, MSU PD could not support a position that Plaintiff had successfully competed probation, and Plaintiff's probation was terminated. (*Id.*) This decision was approved by employee relations prior to my meeting

---

[2] In addition to the professional incidents/performance issues already mentioned in this affidavit, the professional incidents/performance issues included, but were not limited to, the following: defying orders to collaborate with central HR, being argumentative regarding being fingerprinted as required for her position, issues with hiring (advocating for/against candidates), and failing to understand and assist with EBS processing.

[3] In addition to the complaints already mentioned in this affidavit, the complaints included, but were not limited to, the following: John Prush, Andrea Munford, Aerin Washington, Kennedy Parker and Shaun Mills complained regarding Plaintiff's negative/inappropriate performance in the hiring process; Jim Bisset, Sydnee Zienta, and Matt Thorne complained regarding Plaintiff stepping out of her professional lane/overstepping her authority, including regarding purchasing and COVID-19 protocols; and Chris Rozman complained regarding Plaintiff's inappropriate and hurtful behavior.

with Plaintiff.  (*Id.*)  Contrary to Plaintiff's Complaint, Plaintiff's OIE and/or EEOC complaints

were not the reason Plaintiff's probation was terminated.

Date: May 10, 2023

Daryl Green

Subscribed and sworn to before me this
10th day of May, 2023
Wonica Rachelle Lowe
_____, Notary Public
Jefferson County, Jefferson
My Commission Expires:

WONICA LACHELLE LOWE
My Commission Expires
April 19, 2026

5

# EXHIBIT A
# TO AFFIDAVIT

**MICHIGAN STATE** UNIVERSITY    **Termination Form**

| | | |
|---|---|---|
| **Pernr:** ▮▮▮▮ | **Initiator Name:** | Katherine Parmalee |
| **Name:** Crystal Perry | **Process Ref #:** | 000000797914 |
| | **Initiated Date:** | 07/08/2022 |

| Personal Data | | |
|---|---|---|
| **Title** | **Last Name** Perry | **First Name** Crystal |
| **Suffix** | **Middle Name** Cherie | **Person ID:** ▮▮▮▮ |
| **ZPID:** ▮▮▮▮ | **Student ID:** ▮▮▮▮ | |

| Organization Assignment | | | |
|---|---|---|---|
| **Start Date** | 07/12/2021 | **End Date:** | |
| **Position ID** | 30507445 | **Position Title** | Unit Human Resources Administrator II/S |
| **Organization ID** | 10070690 | **Organization Name** | DEPARTMENT OF POLICE AND PUBLIC SAFETY |
| **Job Title** | 20003610 | **Job Name** | Unit Human Resources Administrator II/S |
| **Supervisor** | 30506578   Daryl Green | **Payroll Area** | M1    MSU: Monthly |
| **Personnel Area** | MSU1    MSU - US | **Personnel Subarea** | APSA    Pro Supervisory |
| **Employee Group** | 1    Union | **Employee Subgroup** | A9    Salary Level 3 |

| Termination | | | |
|---|---|---|---|
| **Last Day Worked** | 07/08/2022 | **Last Day Employed** | **Reason** Unsatisfactory Probation |
| **Time Approval** | All time has been submitted for this employee to date. | | |

**Termination Reason Comments**

**Previous Comments**

**New Comments**

# EXHIBIT B
# TO AFFIDAVIT

Overview Basic Pay & Labor Distribution (9027)



| Start Date | End Date | PS gro... | Lv | Amount | C... | Annual salary | Curr... | L |
|---|---|---|---|---|---|---|---|---|
| 07/09/2022 | 12/31/9999 | APA01 | 13 | 6,421.88 | USD | 77,062.56 | USD | |
| 05/08/2022 | 07/08/2022 | APA01 | 13 | 6,421.88 | USD | 77,062.56 | USD | |
| 10/01/2021 | 05/07/2022 | APA01 | 13 | 6,421.88 | USD | 77,062.56 | USD | |
| 07/12/2021 | 09/30/2021 | APA01 | 13 | 6,250.00 | USD | 75,000.00 | USD | |

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRYSTAL PERRY,

          Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES; MARLON LYNCH, and DARYL
GREEN, in their official and individual capacities,

          Defendants.

Case No. 1:23-cv-00202

Hon. Robert J. Jonker
Mag. Phillip J. Green

---

## AFFIDAVIT OF ANDREW JARVIS

1.      I am an adult and otherwise competent to testify to the facts stated below from my personal knowledge and business records available to me in my professional capacity.

2.      I have reviewed Plaintiff's Complaint and am aware of the allegations made therein.

3.      At all times relevant to Plaintiff's Complaint, I was the Human Resources Manager - Employee Relations at Michigan State University (MSU).  I am currently the Michigan State University Police Department (MSU PD) Chief of Staff.

4.      Plaintiff was hired as a Human Resources Administrator II/S on July 12, 2021.  She kept that title (and her salary did not decrease) until her probation was terminated on July 8, 2022. (Exhibit A, HR Termination Form; Exhibit B, HR Overview Basic Pay & Labor Distribution Form.)

5.      Daryl Green, then MSU PD Chief of Staff and Plaintiff's supervisor, expressed concerns regarding Plaintiff's only direct report, Katherine Parmalee, who reported a poor working relationship with Plaintiff that was causing her significant stress.  Green had Parmalee report

directly to him rather than Plaintiff for Parmalee's well-being, not because of Plaintiff's OIE and/or EEOC complaints as alleged in Plaintiff's complaint.

6.      Plaintiff was terminated on July 8, 2022, for failure to satisfactorily complete her probation. (Complaint Exhibit 8.) During the short course of Plaintiff's employment at issue, including increasingly after her interim review, she was involved in numerous professional incidents/performance issues and was involved in numerous complaints concerning various interactions, confrontations, and disputes with many MSU PD employees at all levels. (*Id.*) In fact, I am aware of one long-time police officer leaving the Department because of Plaintiff's hostile conduct. Green counseled Plaintiff but she refused to change and refused to accept responsibility for her conduct, making managing Plaintiff nearly impossible. (*Id.*) Thus, MSU PD could not support a position that Plaintiff had successfully competed probation, and Plaintiff's probation was terminated. (*Id.*) Green relayed the professional incidents, performance issues, and complaints regarding Plaintiff's employment to me throughout Plaintiff's employment at issue and before Plaintiff was terminated. I reviewed the incidents, issues, and complaints (including complaints of hostile conduct towards colleagues) with Rick Fanning,[1] then Human Resources Director - Employee Relations at MSU. Fanning verbally indicated his approval for Plaintiff's termination, which I relayed to Green prior to Green's meeting with Plaintiff. Employee Relations did not approve the termination because of Plaintiff's OIE and/or EEOC complaints.[2] Contrary to Plaintiff's Complaint, Plaintiff's OIE and/or EEOC complaints[3] were not the reason Plaintiff's probation was terminated. She was terminated because of her unsatisfactory job performance.

---

[1] Fanning is no longer employed at MSU.
[2] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff's termination was approved, as may be alleged in the Complaint.
[3] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff's probation was terminated, as may be alleged in the Complaint.

2

7.      When someone does not successfully complete their probationary period and it is terminated, Employee Relations determines whether they can apply to future positions at MSU and informs Human Resources.  This is done on a case-by-case basis and involves looking at the circumstances surrounding each separation, including the employee's job performance and conduct.  Plaintiff's separation was not one where, for example, the employee had tried their best to complete their job duties but was simply not a good fit for the position.  Plaintiff's refusal to perform her job duties at times, displayed ineptitude at times, hostile/negative/argumentative demeanor/attitude, obstinance, and lack of coachability led me to ask Fanning whether she should be restricted from future employment with MSU.  Fanning agreed that Plaintiff should be so restricted.  Employee Relations did not determine that Plaintiff should be restricted from future employment at MSU because of her OIE and/or EEOC complaints.[4]

8.      On July 12, 2022, I spoke with Kristie Sova and Queen McMiller in MSU Human Resources and asked them to change Plaintiff's status to restricted (does not meet basic qualifications) for the nine positions she had recently applied for at MSU.  Again, I did not do so because of Plaintiff's OIE and/or EEOC complaints.[5]

Date: _____            _____
                                                                          Andrew Jarvis

Subscribed and sworn to before me this
15th day of May, 2023

_____
Laurie Secord, Notary Public
Clinton Co, Acting in Ingham County, Michigan
My Commission Expires: September 21, 2029

**LAURIE SECORD**
**NOTARY PUBLIC - STATE OF MICHIGAN**
**COUNTY OF CLINTON**
My Commission Expires September 21, 2029
Acting in the County of Ingham

---

[4] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff was restricted from future employment at MSU, as may be alleged in the Complaint.
[5] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff was restricted from future employment at MSU, as may be alleged in the Complaint.

# EXHIBIT A
# TO AFFIDAVIT

**MICHIGAN STATE** **Termination Form**
**U N I V E R S I T Y**

| | |
|---|---|
| **Pernr:** ▮▮▮▮▮ | **Initiator Name:** Katherine Parmalee |
| **Name:** Crystal Perry | **Process Ref #:** 000000797914 |
| | **Initiated Date:** 07/08/2022 |

| Personal Data | | | | |
|---|---|---|---|---|
| **Title** | **Last Name** Perry | | **First Name** Crystal | |
| **Suffix** | **Middle Name** Cherie | | **Person ID:** ▮▮▮▮▮ | |
| **ZPID:** ▮▮▮▮▮ | **Student ID:** ▮▮▮▮▮ | | | |

| Organization Assignment | | | | |
|---|---|---|---|---|
| **Start Date** | 07/12/2021 | **End Date:** | | |
| **Position ID** | 30507445 | **Position Title** | Unit Human Resources Administrator II/S | |
| **Organization ID** | 10070690 | **Organization Name** | DEPARTMENT OF POLICE AND PUBLIC SAFETY | |
| **Job Title** | 20003610 | **Job Name** | Unit Human Resources Administrator II/S | |
| **Supervisor** | 30506578    Daryl  Green | **Payroll Area** | M1 | MSU: Monthly |
| **Personnel Area** | MSU1 | MSU - US | **Personnel Subarea** APSA | Pro Supervisory |
| **Employee Group** | 1 | Union | **Employee Subgroup** A9 | Salary Level 3 |

| Termination | | | | |
|---|---|---|---|---|
| **Last Day Worked** | 07/08/2022 | **Last Day Employed** | **Reason** | Unsatisfactory Probation |
| **Time Approval** | All time has been submitted for this employee to date. | | | |

| Termination Reason Comments |
|---|
| **Previous Comments** |
| |
| **New Comments** |
| |

MSU is an affirmative-action, equal-opportunity employer.

# EXHIBIT B
# TO AFFIDAVIT



# EXHIBIT G

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRYSTAL PERRY,

               Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES; MARLON LYNCH, and DARYL
GREEN, in their official and individual capacities,

               Defendants.

Case No. 1:23-cv-00202

Hon. Robert J. Jonker
Mag. Phillip J. Green

---

### AFFIDAVIT OF KRISTIE SOVA

1.     I am an adult and otherwise competent to testify to the facts stated below from my personal knowledge and business records available to me in my professional capacity.

2.     I am a Senior Human Resources Professional/S in Human Resources at Michigan State University (MSU).

3.     On June 20, 2022, Perry applied for posting 789026, a Human Resources Administrator / Unit Human Resources Administrator II position in the College of Nursing at MSU. (Exhibit C, 789026 - Posting History C.P.)

4.     When someone does not successfully complete their probationary period and is terminated, Employee Relations determines whether they can be hired for future positions at MSU and informs Human Resources.

5.     Employee Relations determined that Perry could not be hired for future employment at MSU, which Andrew Jarvis (formerly of MSU Human Resources/Employee Relations) communicated to me and Queen McMiller (another MSU Human Resources employee) by telephone on July 12, 2022. We did not discuss Plaintiff's OIE and/or EEOC complaints. Later

that day, I manually changed Perry's status in PageUp for posting 789026, as well as eight other

positions she applied for, to "Does not meet basic qualifications – restricted list." (Exhibit C.)

6.      I did not change Perry's status for posting 789026 (or the other eight positions she

had applied for) because of her OIE and/or EEOC complaints, nor because of any other complaints

Plaintiff made about her employment at MSU.  In fact, I was not aware of any complaints Perry

made regarding her employment at MSU at that time.

Date: May 10, 2023

_____
KRISTIE SOVA

Subscribed and sworn to before me this
10 day of May, 2023

_Kyla McCarnick_ , Notary Public
_Ingham_ County, _____
My Commission Expires: _10/27/2027_

Kyla McCarnick
Notary Public of Michigan
Ingham County
Expires 10/27/2027
Acting in the County of _Ingham_



