CORRECTED

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PERRY,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES; MARLON LYNCH, and DARYL
GREEN, in their official and individual capacities,

    Defendants.

Case No. 1:23-cv-00202

Hon. Robert J. Jonker
Mag. Phillip J. Green

## AFFIDAVIT OF DARYL GREEN

1. I am an adult and otherwise competent to testify to the facts stated below. If called as a witness, I can testify to the following facts from my personal knowledge.

2. I have reviewed Plaintiff's Complaint and am aware of the allegations made therein.

3. At all times relevant to Plaintiff's Complaint, I was the Michigan State University Police Department Chief of Staff and Plaintiff's direct supervisor.

4. Plaintiff was hired as a Human Resources Administrator II/S on July 12, 2021.

5. In March 2022, I conducted an interim review of Plaintiff's job performance during her probationary period, which is attached to the Complaint as Exhibit 7. Of note, I indicated that Plaintiff had made an error in the performance of her job duties, resulting in a formal complaint, and was coached accordingly. (Complaint Exhibit 7.) I also indicated that Plaintiff needed to behave professionally and cordially with colleagues because Plaintiff was exhibiting behavioral issues with colleagues and stepping outside her lane professionally. (*Id.*) And as a result of Plaintiff sending out an incorrect email regarding COVID-19 procedure, I

indicated that she should "regularly network with Central HR regarding HR matters where she or her staff have questions or concerns regarding University policy." (*Id.*) Plaintiff was on the cusp of failing to meet expectations at that time, but I decided to give her the benefit of the doubt and give her an opportunity to improve. I erred on the side of meets expectations, so, I indicated that Plaintiff's job performance met expectations during the interim evaluation, and that the evaluation would continue. (*Id.*) Of note, I was aware of Plaintiff's OIE case against Martin before this interim review and that Plaintiff had, in my opinion (because I was present for the confrontation at issue), provided false information regarding Martin. However, I did not make the negative comments I made on Plaintiff's interim review because of Plaintiff's OIE and/or EEOC complaints.[1] I made those comments because they were true and as Plaintiff's supervisor it was my duty to truthfully evaluate Plaintiff's performance, as well as to give her the opportunity to recognize her mistakes and improve.

6. Plaintiff was never demoted. During her employment at issue, Plaintiff was a Human Resources Administrator II/S and her pay was never decreased. (Exhibit A, HR Termination Form; Exhibit B, HR Overview Basic Pay & Labor Distribution Form.) I did have Plaintiff's only direct report, Katherine Parmalee, report directly to me rather than Plaintiff after Parmalee reported to me that she had a poor working relationship with Plaintiff that was causing her significant stress. I did not have Parmalee report to me because of Plaintiff's OIE and/or EEOC complaints as alleged in Plaintiff's complaint, but rather for Parmalee's well-being.

7. As Plaintiff's direct supervisor, and because of prior performance issues (Plaintiff mistakenly included information about another employee's medical status in an email

---

[1] I also did not take any adverse employment actions against Plaintiff as a result of her MDCR complaint or complaint to Tom Fritz, as seems to be alleged in the Complaint. For any action I deny taking because of Plaintiff's OIE and/or EEOC complaints, the same applies for Plaintiff's MDCR complaint and complaint to Tom Fritz.

2

(Complaint Exhibit 7) and Plaintiff sent out an incorrect email regarding COVID-19 procedure), I requested to review certain emails before Plaintiff sent them out. I never read, reviewed, and approved of all of Plaintiff's emails before Plaintiff sent them out, as alleged in her Complaint. I never read, reviewed, and approved Plaintiff's emails as a result of her OIE and/or EEOC complaints.

8. In approximately May 2022, Plaintiff and Parmalee were moved to the same office area (a hoteling space for telecommuters) when MSU PD hired several new employees who needed to work in the office regularly, while Plaintiff and Parmalee were working primarily remotely. I did not move Plaintiff's office location because of her OIE and/or EEOC complaints.

9. Contrary to Plaintiff's allegations, I did not avoid her. I did not purposefully avoid her calls. I may not have been able to answer all of her calls immediately, but I cannot recall ever failing to call Plaintiff back. Similarly, I did not purposefully fail to respond to Plaintiff's emails. I may not have been able to respond right away, but I cannot recall ever failing to email Plaintiff back. I certainly never failed to respond to Plaintiff's phone calls or emails because of her OIE and/or EEOC complaints.

10. Contrary to Plaintiff's allegations, I did not challenge her role in the hiring process by rushing her or requesting she interview candidates who did not pass the screening process. The first candidate Plaintiff makes allegations regarding dropped out of the hiring process, so I asked Plaintiff to contact her since recruiting was part of her job, there were a small number of applicants for the position, MSU PD faced recruiting difficulties, there was a small timeframe required to hire and train for the position, and because I knew the person was a viable candidate. I ended up asking McGlothian-Taylor to contact the candidate for multiple reasons, including because she had experience in the department as a recruiter and because the candidate

3

had requested to be taken on a ride along and McGlothian-Taylor worked on-site, not because of Plaintiff's EEOC and/or OIE complaints. For the second candidate Plaintiff makes allegations regarding, the union decided whether to remove the candidate's discipline or allow the candidate to interview. I did not pressure Plaintiff to interview the candidate or advance the candidate in the hiring process. My involvement in the hiring process for this candidate, as well as every other candidate, had nothing to do with Plaintiff's OIE and/or EEOC complaints.

11. Plaintiff did not take advantage of the opportunity I gave her to improve. Plaintiff was terminated on July 8, 2022, the last day of her probationary period. (Complaint Exhibit 8.) During the short course of Plaintiff's employment at issue, including increasingly after her interim review, she was involved in numerous professional incidents/performance issues[2] and was involved in numerous complaints concerning various interactions with a number of department employees at all levels.[3] (*Id.*) I counseled Plaintiff but she refused to change and refused to accept responsibility for her conduct (which is why I described her as argumentative). (*Id.*) The foregoing made managing Plaintiff nearly impossible. (*Id.*) Thus, MSU PD could not support a position that Plaintiff had successfully competed probation, and Plaintiff's probation was terminated. (*Id.*) This decision was approved by employee relations prior to my meeting

---

[2] In addition to the professional incidents/performance issues already mentioned in this affidavit, the professional incidents/performance issues included, but were not limited to, the following: defying orders to collaborate with central HR, being argumentative regarding being fingerprinted as required for her position, issues with hiring (advocating for/against candidates), and failing to understand and assist with EBS processing.

[3] In addition to the complaints already mentioned in this affidavit, the complaints included, but were not limited to, the following: John Prush, Andrea Munford, Aerin Washington, Kennedy Parker and Shaun Mills complained regarding Plaintiff's negative/inappropriate performance in the hiring process; Jim Bisset, Sydnee Zienta, and Matt Thorne complained regarding Plaintiff stepping out of her professional lane/overstepping her authority, including regarding purchasing and COVID-19 protocols; and Chris Rozman complained regarding Plaintiff's inappropriate and hurtful behavior.

4

with Plaintiff. (*Id.*) Contrary to Plaintiff's Complaint, Plaintiff's OIE and/or EEOC complaints were not the reason Plaintiff's probation was terminated.

Date: May 10, 2023

_____
Daryl Green

Subscribed and sworn to before me this
10th day of May, 2023
Wonica Lachelle Lowe
_____, Notary Public
Jefferson County, Jefferson
My Commission Expires: _____

WONICA LACHELLE LOWE
My Commission Expires
April 19, 2026

5

# EXHIBIT A
# TO AFFIDAVIT

# MICHIGAN STATE UNIVERSITY

**Termination Form**

| | |
|---|---|
| Pernr: | [redacted] |
| Name: | Crystal Perry |
| Initiator Name: | Katherine Parmalee |
| Process Ref #: | 000000797914 |
| Initiated Date: | 07/08/2022 |

## Personal Data

| Title | | Last Name | Perry | First Name | Crystal |
|---|---|---|---|---|---|
| Suffix | | Middle Name | Cherie | Person ID: | [redacted] |
| ZPID: | [redacted] | Student ID: | [redacted] | | |

## Organization Assignment

| Start Date | 07/12/2021 | End Date: | |
|---|---|---|---|
| Position ID | 30507445 | Position Title | Unit Human Resources Administrator II/S |
| Organization ID | 10070690 | Organization Name | DEPARTMENT OF POLICE AND PUBLIC SAFETY |
| Job Title | 20003610 | Job Name | Unit Human Resources Administrator II/S |
| Supervisor | 30506578  Daryl Green | Payroll Area | M1  MSU: Monthly |
| Personnel Area | MSU1  MSU - US | Personnel Subarea | APSA  Pro Supervisory |
| Employee Group | 1  Union | Employee Subgroup | A9  Salary Level 3 |

## Termination

| Last Day Worked | 07/08/2022 | Last Day Employed | | Reason | Unsatisfactory Probation |
|---|---|---|---|---|---|
| Time Approval | All time has been submitted for this employee to date. | | | | |

## Termination Reason Comments

## Previous Comments

## New Comments

# EXHIBIT B
# TO AFFIDAVIT

