# CORRECTED
# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PERRY,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY;
MICHIGAN STATE UNIVERSITY BOARD OF
TRUSTEES; MARLON LYNCH, and DARYL
GREEN, in their official and individual capacities,

    Defendants.

Case No. 1:23-cv-00202

Hon. Robert J. Jonker
Mag. Phillip J. Green

## AFFIDAVIT OF ANDREW JARVIS

1. I am an adult and otherwise competent to testify to the facts stated below from my personal knowledge and business records available to me in my professional capacity.

2. I have reviewed Plaintiff's Complaint and am aware of the allegations made therein.

3. At all times relevant to Plaintiff's Complaint, I was the Human Resources Manager - Employee Relations at Michigan State University (MSU). I am currently the Michigan State University Police Department (MSU PD) Chief of Staff.

4. Plaintiff was hired as a Human Resources Administrator II/S on July 12, 2021. She kept that title (and her salary did not decrease) until her probation was terminated on July 8, 2022. (Exhibit A, HR Termination Form; Exhibit B, HR Overview Basic Pay & Labor Distribution Form.)

5. Daryl Green, then MSU PD Chief of Staff and Plaintiff's supervisor, expressed concerns regarding Plaintiff's only direct report, Katherine Parmalee, who reported a poor working relationship with Plaintiff that was causing her significant stress. Green had Parmalee report

directly to him rather than Plaintiff for Parmalee's well-being, not because of Plaintiff's OIE and/or EEOC complaints as alleged in Plaintiff's complaint.

6. Plaintiff was terminated on July 8, 2022, for failure to satisfactorily complete her probation. (Complaint Exhibit 8.) During the short course of Plaintiff's employment at issue, including increasingly after her interim review, she was involved in numerous professional incidents/performance issues and was involved in numerous complaints concerning various interactions, confrontations, and disputes with many MSU PD employees at all levels. (*Id.*) In fact, I am aware of one long-time police officer leaving the Department because of Plaintiff's hostile conduct. Green counseled Plaintiff but she refused to change and refused to accept responsibility for her conduct, making managing Plaintiff nearly impossible. (*Id.*) Thus, MSU PD could not support a position that Plaintiff had successfully competed probation, and Plaintiff's probation was terminated. (*Id.*) Green relayed the professional incidents, performance issues, and complaints regarding Plaintiff's employment to me throughout Plaintiff's employment at issue and before Plaintiff was terminated. I reviewed the incidents, issues, and complaints (including complaints of hostile conduct towards colleagues) with Rick Fanning,[1] then Human Resources Director - Employee Relations at MSU. Fanning verbally indicated his approval for Plaintiff's termination, which I relayed to Green prior to Green's meeting with Plaintiff. Employee Relations did not approve the termination because of Plaintiff's OIE and/or EEOC complaints.[2] Contrary to Plaintiff's Complaint, Plaintiff's OIE and/or EEOC complaints[3] were not the reason Plaintiff's probation was terminated. She was terminated because of her unsatisfactory job performance.

---

[1] Fanning is no longer employed at MSU.
[2] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff's termination was approved, as may be alleged in the Complaint.
[3] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff's probation was terminated, as may be alleged in the Complaint.

2

7.  When someone does not successfully complete their probationary period and it is terminated, Employee Relations determines whether they can apply to future positions at MSU and informs Human Resources. This is done on a case-by-case basis and involves looking at the circumstances surrounding each separation, including the employee's job performance and conduct. Plaintiff's separation was not one where, for example, the employee had tried their best to complete their job duties but was simply not a good fit for the position. Plaintiff's refusal to perform her job duties at times, displayed ineptitude at times, hostile/negative/argumentative demeanor/attitude, obstinance, and lack of coachability led me to ask Fanning whether she should be restricted from future employment with MSU. Fanning agreed that Plaintiff should be so restricted. Employee Relations did not determine that Plaintiff should be restricted from future employment at MSU because of her OIE and/or EEOC complaints.[4]

8.  On July 12, 2022, I spoke with Kristie Sova and Queen McMiller in MSU Human Resources and asked them to change Plaintiff's status to restricted (does not meet basic qualifications) for the nine positions she had recently applied for at MSU. Again, I did not do so because of Plaintiff's OIE and/or EEOC complaints.[5]

Date: _____

_____
Andrew Jarvis

Subscribed and sworn to before me this
15th day of May, 2023

_____
Laurie Secord, Notary Public
Clinton Co, Acting in Ingham County, Michigan
My Commission Expires: September 21, 2029

**LAURIE SECORD**
**NOTARY PUBLIC - STATE OF MICHIGAN**
**COUNTY OF CLINTON**
My Commission Expires September 21, 2029
Acting in the County of Ingham

---

[4] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff was restricted from future employment at MSU, as may be alleged in the Complaint.
[5] Plaintiff's complaint to Tom Fritz was also not the reason Plaintiff was restricted from future employment at MSU, as may be alleged in the Complaint.

3

# EXHIBIT A
# TO AFFIDAVIT

# MICHIGAN STATE UNIVERSITY

**Termination Form**

| | |
|---|---|
| **Pernr:** | [redacted] |
| **Name:** | Crystal Perry |
| **Initiator Name:** | Katherine Parmalee |
| **Process Ref #:** | 000000797914 |
| **Initiated Date:** | 07/08/2022 |

## Personal Data

| | | |
|---|---|---|
| **Title** | **Last Name** Perry | **First Name** Crystal |
| **Suffix** | **Middle Name** Cherie | **Person ID:** [redacted] |
| **ZPID:** [redacted] | **Student ID:** [redacted] | |

## Organization Assignment

| | | |
|---|---|---|
| **Start Date** 07/12/2021 | | **End Date:** |
| **Position ID** 30507445 | | **Position Title** Unit Human Resources Administrator II/S |
| **Organization ID** 10070690 | | **Organization Name** DEPARTMENT OF POLICE AND PUBLIC SAFETY |
| **Job Title** 20003610 | | **Job Name** Unit Human Resources Administrator II/S |
| **Supervisor** 30506578 Daryl Green | | **Payroll Area** M1 MSU: Monthly |
| **Personnel Area** MSU1 | MSU - US | **Personnel Subarea** APSA Pro Supervisory |
| **Employee Group** 1 | Union | **Employee Subgroup** A9 Salary Level 3 |

## Termination

| | | | |
|---|---|---|---|
| **Last Day Worked** 07/08/2022 | **Last Day Employed** | **Reason** | Unsatisfactory Probation |
| **Time Approval** | All time has been submitted for this employee to date. | | |

## Termination Reason Comments

## Previous Comments

## New Comments

MSU is an affirmative-action, equal-opportunity employer.

Page 1 of 1

# EXHIBIT B
# TO AFFIDAVIT

