UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PERRY,                                       Case No. 1:23-cv-202

Plaintiff,

v.

MICHIGAN STATE UNIVERSITY, et al.,      Hon. Robert J. Jonker

Defendants.

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for June 5, 2023, at 3:00 p.m., before the Hon. Judge Robert J. Jonker. Appearing for the parties as counsel will be: Elizabeth Abdnour for Plaintiff and Elizabeth M. Watza for Defendants.

1. <u>Jurisdiction</u>: Jurisdiction is conferred upon this Court by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*.; pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein; and pursuant to 28 U.S.C. § 1343. This case includes pendent state law claims.  Defendants dispute the Court's jurisdiction over Plaintiff's federal claims to the extent she failed to exhaust administrative remedies (as explained/argued in Defendants' recently filed Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint (ECF No. 23), and Defendants further state that they do not waive their Eleventh Amendment immunity nor any other immunity defenses

1

(including failure to comply with the Court of Claims Act as explained/argued in Defendants' recently filed motions).

2. <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

**Plaintiff's Statement**: Plaintiff brings claims against Defendants for violations of Title VII due to retaliation. Plaintiff is a former employee of MSU. Plaintiff filed multiple complaints alleging discrimination based on race, sex, and disability. Defendants engaged in numerous acts of retaliation against Plaintiff after she engaged in protected activity of which they were aware, including both numerous complaints filed with MSU's Office of Institutional Equity and charges filed with the Equal Employment Opportunity Commission. The retaliation culminated in Plaintiff's termination on the very last day of her probationary period, after receiving a positive performance evaluation just four months prior.

**Defendant's Statement**: As thoroughly explained/argued in Defendants' recently filed Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint, which Defendants incorporate by reference (ECF No. 23), Plaintiff's claims fail on their face and on the facts. Defendants deny any alleged violations of law as alleged in the complaint. In short, Plaintiff was not retaliated against. Plaintiff's federal law claims fail for a few reasons. First, portions of her claims are barred for failure to exhaust administrative remedies. And Second, Plaintiff has not pled

2

(or cannot establish) a prima facie case of retaliation for each allegedly adverse employment action. Further, even if Plaintiff has pled (or can establish) a prima facie case, there is a legitimate, non-retaliatory reason for the alleged actions. Plaintiff's state law claims also fail for several reasons. First, Plaintiff's failure to comply with the strict notice requirements in the Court of Claims Act bars her state law claims (or, alternatively, those that accrued as of June 15, 2022, and/or those that were not alleged in her notice of claim). Second, Plaintiff has not pled (or cannot establish) a prima facie case of retaliation for each allegedly adverse employment action. And even if Plaintiff has pled (or can establish) a prima facie case, there is a legitimate, non-retaliatory reason for the alleged actions.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by <u>August 15, 2023 (or sixty (60) days after a decision on Defendants</u> Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint, whichever is later).

6. <u>Disclosures and Exchanges</u>:

    a. Answer: <u>thirty (30) days after a decision on Defendants</u> Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint<u>.</u>

    b. Fed.R.Civ.P. 26(a)(1) initial disclosures (including of potential lay witnesses): <u>sixty (60) days after a decision on Defendants</u> Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint<u>.</u>

    c. <u>Potential lay witnesses</u>: <u>eighty-five (85) days after after a decision on Defendants Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint</u>.

        Plaintiff's expert disclosures: <u>one hundred and fifteen (115) days after a decision on Defendants </u>Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint, whichever is later)<u>.</u>

        Defendant's expert disclosures: <u>one hundred and forty-five (145) days after a decision on Defendants </u>Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint.

        Rebuttal expert disclosures: <u>one hundred and sixty (160) days after a decision on Defendants </u>Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint.

    d. Fed.R.Civ.P. 26(a)(3) pretrial disclosures: <u>To be determined once trial has been scheduled.</u>

    e. The parties are unable to agree on voluntary production at this time.

7. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by <u>nine (9) months after a decision on Defendants </u>Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint. The parties recommend the following discovery plan:

    a. <u>Subjects on which discovery may be needed</u>: all of Plaintiff's allegations and all affirmative defenses Defendant will assert if it must file an answer. Including, but not limited to: Plaintiff's employment history and work performance, allegedly retaliatory actions (including motive therefore), and damages.

b. <u>Phasing or limiting discovery</u>: Discovery need not be conducted in phases or be limited to or focused on certain issues at this time (subject to the Court's <u>decision on Defendants</u> Motion to Dismiss, Motion for Summary Judgment, and Motion to Partially Strike Plaintiff's Complaint).

c. <u>Discovery Limitations</u>: no changes need be made to the limitations imposed on discovery by the Federal Rules of Civil Procedure or the local rules of the Western District of Michigan.

d. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

e. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product and the process where any such information is produced inadvertently in this litigation. The parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution or defense

5

of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

8. <u>Motions</u>:

    The parties anticipate that all dispositive motions will be filed by <u>forty-five (45) days following the close of discovery</u>. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. <u>Alternative Dispute Resolution</u>:

    The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation and/or settlement conference in front of the magistrate judge. The parties prefer to first conduct Plaintiff's deposition and obtain Plaintiff's responses to any written discovery.

10. Length of Trial: Counsel estimate the trial will last approximately 7 days total, allocated as follows: <u>2</u> days for plaintiff's case, 5 days for defendants' case.

11. Prospects of Settlement: The status of settlement negotiations is: there have been no settlement negotiations to date.

12. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) now requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The

6

Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

13. <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

14. <u>Other</u>: The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. Copies of emails to Defendants should be simultaneously sent to Robin Stechschulte (stechsch@msu.edu). The parties agree that discovery may be signed by e-signature.

Respectfully submitted,

*s/ Elizabeth Abdnour*
Elizabeth Abdnour (P78203)
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com


/s*/ Elizabeth M. Watza*
Elizabeth M. Watza (P81129)
MSU Office of General Counsel
Attorney for Defendants-Appellees
426 Auditorium Road, Room 494
East Lansing, MI 48823
(517) 884-9483
watzaeli@msu.edu

8